UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANASTASIA STACEYJEAN NORTON AND GAVIN R. DUFFIN | § § § | |
| VS. | § § | Civil Action No. 4:24-CV-2651 |
| NEWREZ LLC DBA SHELLPOINT MORTGAGE SERVICING | § § § § | |

### PLAINTIFFS' INITIAL REQUEST FOR PRODUCTION

TO: Newrez LLC dba Shellpoint Mortgage Servicing —by and through their attorneys of record—Lauren Hayes, 111 Congress Avenue, Suite 1400 Austin, Texas 78701-4093.

In accordance with FED. R. CIV. P. 34, Plaintiffs, Anastasia StaceyJean Norton and Gavin R. Duffin ("Norton-Duffin") request that Defendant, NewRez LLC dba Shellpoint Mortgage Servicing ("Shellpoint") produce the following requested documents.

Respectfully submitted,

THE CORNOR LAW OFFICE, PLLC

Nicholas J. Cornor
State Bar No. 24116227
nick@cornorlaw.com
Marshall Harkins
State Bar No. 24113719
marshall@cornorlaw.com
18722 University Blvd., Suite 242
Sugar Land, Texas 77479
Phone: (832) 449-6438
**ATTORNEYS FOR ANASTASIA STACEYJEAN NORTON AND GAVIN R. DUFFIN**

## **CERTIFICATE OF SERVICE**

      I certify that on December 4, 2024, a true and correct copy of the foregoing was sent to all counsel of record via the court's electronic filing and notice system and/or by email.

*[signature: Nicholas Cornor]*

NICHOLAS J. CORNOR

## **INSTRUCTIONS**

1. Norton-Duffin acknowledges that these requests are limited to the scope of FED. R. CIV. P. 26(b), and requests that when Shellpoint is unable to produce certain documents because they fall outside of such scope, Shellpoint will provide a brief explanation as to the reason why the documents fall outside the scope of the request.[1]

2. You must provide the documents requested within 30 days of receiving this request.[2]

3. Any documents you produce—and your responses to each request for production—may be offered in evidence.

4. To the fullest extent provided by the FEDERAL RULES OF CIVIL PROCEDURE and local rules[3] these requests are intended to be continuing in nature. You are requested and required to timely supplement your responses when appropriate or necessary to make them correct or complete.

5. If certain requests are duplicative of previous requests to which documents have already been produced, Shellpoint need not reproduce such documents but is requested to notify Norton-Duffin that such documents are among those already produced.

6. For each item or category, your response must state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.[4] You are permitted to produce copies of documents or electronically stored information ("ESI") instead of permitting inspection.[5]

7. Any objection must state whether any responsive materials are being withheld based on that objection and any objection to part of a request must specify the part and permit inspection of the rest.[6]

8. For all data or information that exists in electronic or magnetic form, please produce that data or information: (i) as they are kept in the ordinary course of business (*i.e.*, native format); and (ii) in Bates-labeled, searchable PDF format.

9. You are required to produce items that are within your possession, custody, or control. Possession, custody, or control includes construction possession such that you need not have actual physical possession. As long as you have a superior right to compel the production from a third party (including an agency, authority, or representative), you have possession, custody, or control.

---

[1] FED. R. CIV. P. 34(a). "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b).
[2] FED. R. CIV. P. 34(b)(2)(A).
[3] S.D. TEX. R., *Local Rules of the United States District Court for the Southern District of Texas* (Aug. 2023), available at https://www.txs.uscourts.gov/sites/txs/files/LR_August_2023.pdf.
[4] FED. R. CIV. P. 34(b)(2)(B).
[5] *Id.*
[6] FED. R. CIV. P. 34(b)(2)(C).

10. If you claim any form of privilege as to the documents requested, provide a privilege log along with your responses in conformance with FED. R. CIV. P. 26(b)(5)(A).

11. Answer each request for documents separately by identifying and listing the documents by their Bates label.

12. For any document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance. If any document responsive to a request has been destroyed, you must state when and under what circumstances the document was destroyed. For all documents that no longer exist or cannot be located, you must also identify each person having knowledge about the disposition or loss and identify each document evidencing the lost document's existence or any facts about the lost document.

13. It is requested that all documents and/or data compilations that concern the subject matter of these requests be preserved and that any ongoing process of document destruction involving such documents cease.

14. Unless otherwise specified herein, the timeframe for your responses extends from the present day to 5 years prior.

## **DEFINITIONS**

1. "You", "Your", or "Defendant" shall refer to Shellpoint and any officers, employees, agents, representatives, and other persons acting (or who acted) or purporting to act (or who purported to act) on its behalf.

2. "Plaintiff", or "Plaintiffs" shall mean Norton-Duffin, named in Plaintiff's live pleading, as well as agents, employees, managers, executives, representatives, officers, directors, shareholders, affiliates, parents, subsidiaries, divisions, predecessors and successors in interest, assigns, and all other persons acting, or who acted, on its behalf.

3. "Lawsuit" shall mean *Anastasia StaceyJean Norton and Gavin R. Duffin v. NewRez LLC dba Shellpoint Mortgage Servicing*, No. 4:24-cv-2651 (S.D. TEX. Houston Div. 2024).

4. The term "identify" means, when used in reference to:

    a. <u>A natural person</u>: the person's full name, present or last-known residence and business address, and present position, business affiliation and job description (if not known, state the last-known position, business affiliation and job description); the person's position, business affiliation and job description at the time in question with respect to the interrogatory involved; and with respect to each present or past employee of a business entity, the dates such person began and, if applicable, terminated employment, as well as the title of each position the person held and the dates thereof.

    b. <u>A company, association, joint venture, sole partnership, or any other business or legal entity not a natural person</u>: its full name and principal place of business now and at the time in question; its date of incorporation or judicial status, and, if different its current judicial status and the date and place of its formation; a description of the type of entity and the nature of its business activities now and at the time in question.

    c. <u>An insurance claim, otherwise referred to as "claim"</u>: the full name of the individual by whom, for whom and/or on whose behalf it was submitted for claims handling; the insurance policy number under which it was submitted; the claim number assigned to it.

    d. <u>A document, other than an insurance claim</u>: the type of document (e.g., letter, memorandum, report, etc.); its title, date, author, addressee(s), recipient(s) and subject matter; all distributees; the number of pages; its present location; and its present custodian or, if no longer in existence or in your possession, custody or control, the disposition made of it and the circumstances and date of such disposition.

- e. <u>An oral statement of communication</u>: (i) the date and place where uttered; the place where received; (ii) the substance thereof; (iii) the means or medium employed for transmission thereof; and (iv) the identity of each person to whom such statement or communication was made, and each person who was present when each statement was received.

5. "Person" or "persons" shall mean any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

6. "Communication" or "communications" means the information (in the form of facts, ideas, inquiries or otherwise) including any oral or written utterance, notation, or statement of any nature whatsoever, by or to whomever made, including but not limited to, correspondence, letters, conversations, dialogues, discussions, interviews, consultations, agreements, E-mails, SMS text messages, facsimiles, Facebook posts, Twitter posts, blogs, any other social network posting, any other internet posting, memoranda, and oral, written or other understandings and exchanges of ideas or information, between two or more persons.

7. "Document" is used in the broadest sense as any information, including all electronically stored information, writing, record, data or other content in whatever format (electronic, digital, magnetic, analog, hard copy, etc.), of any type or description whatsoever, including, but not limited to, the original and any non-identical copy regardless of origin or location, of any correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes including notes of meetings, diary entries, statistics, letters, E-mails, messages, (including, but not limited to, reports of telephone conversations and conferences), facsimiles, SMS text messages, Facebook postings, Twitter postings, blogs, any other social network posting, any internet posting, studies, books, newspapers, journals, periodicals, magazines, pamphlets, booklets, circulars, advertisements, promotional materials, bulletins, instructions, minutes, other publications and communications (including, but not limited to, inter- or intra-office communications or offers), prospectuses, certificates, notations in any form made of conversations, telephone calls, meetings or other communications, questionnaires, surveys, contracts, memoranda or agreements, assignments, licenses, books of account, orders, productions records, invoices, statements, bills, checks, vouchers, receipts, summaries, notebooks, data sheets, photographs, photographic negatives, audio recordings, tapes, wire recordings, transcripts of recordings, charts, graphs, video tape, or film recordings and electronic, mechanical or electrical records or representations of any kind (including without limitation, cassettes, and discs), drawings, sketches, maps, catalogues, brochures, press releases, computer data on discs or as printouts, hard drives, computer file or other memory storage, digital information including computer-based information and meta data, invoices, confirmations, ledgers, worksheets (and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or all aural records, all other handwritten, stenographic or printed matter of any kind, or any other and all other data compilations from which information can be obtained and translated, if necessary; and other matter constituting a "document" or "tangible thing" within the meaning of the TEX. R. CIV. P. and the TEX. R. EVID. If any document requested to be identified was, but is no longer, in your possession or control or is no longer in existence, state whether it is:

   a. Missing or lost;
   b. Destroyed;
   c. Transferred voluntarily or involuntarily to others, and, if so, to whom; or
   d. Otherwise disposed of. In each instance, please explain: (i) the circumstances surrounding an authorization of such deposition thereof; (ii) the approximate date thereof; and (iii) describe its contents.

8. "Electronically Stored Information" or "ESI" means all "potentially discoverable electronically stored information" and refers to ESI that contains or potentially contains information relating to the facts at issue in this litigation. ESI includes, but is not limited to, all electronically stored "documents," as that term is defined above. ESI further includes, without limitation, the following:

   a. information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (*e.g.*, author, recipient, file creation date, file modification date, etc.);
   b. internal or external websites; and
   c. output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, and electronic mail.

9. "Images" shall include still photographs, films, videotapes, video recordings, video surveillance footage, motion pictures, and any image(s) recorded by, or preserved on, any other type of electronic, magnetic, digital, or mechanical device.

10. "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

11. The phrases and terms "relate to," "related to" and "relating to," "refer to," "concerning" or "concern" mean concerning, relating to, referring to, describing, evidencing, constituting, reflecting, having a relationship to, pertaining to, identifying, containing, pertinent to, comprising, setting forth, showing, disclosing, describing, explaining, summarizing, directly or indirectly, in whole or in part, or to be otherwise factually, legally, or logically connected to the subject matter of the particular request.

12. For purposes of interpreting or construing the scope of these interrogatories, you are instructed to give words their most expansive and inclusive meanings; therefore, you should:

   a. Construe the words "and" as well as "or" in the disjunctive or conjunctive (*i.e.* as and/or) as necessary to make the request more inclusive;
   b. Construe the term "including" to mean "including, but not limited to";
   c. Construe the words "all" and "each" to mean all and each;
   d. Construe a masculine noun or adjective to include the feminine and vice versa;
   e. Construe the singular form of a word to include the plural and the plural form to include the singular; and
   f. Any term not specifically defined herein is to be given its plain meaning.

## PLAINTIFFS' INITIAL REQUEST FOR PRODUCTION

**RFP No. 1.** Please produce all documents, correspondence, or items that were mailed, shipped, or otherwise delivered to 11614 Regency Forest Drive, Cypress, Texas 77429 (the "Norton-Duffin Home"), including but not limited to letters, notices, and packages.

**RFP No. 2.** Please produce any and all records, documents, or information evidencing delivery of the items identified in Request No. 1, including but not limited to: (a) USPS tracking documents; (b) signed green cards or signature confirmation receipts; (c) certified mail receipts; (d) delivery confirmation logs; or (e) any other documentation showing proof of mailing or delivery.

**RFP No. 3.** Please produce all records of telephone communications between Shellpoint, Anastasia StaceyJean Norton and/or Gavin R. Duffin, including but not limited to: (a) call logs; (b) transcripts or recordings of calls; (c) notes or summaries of calls, and (d) Any other documents reflecting the content or occurrence of such communications.

**RFP No. 4.** Please produce all messages, notifications, or correspondence exchanged through Shellpoint's website, including but not limited to: (a) chat logs; (b) internal message threads; (c) Automated system notifications, and (d) any other records showing communication activity between Shellpoint, Anastasia StaceyJean Norton and/or Gavin R. Duffin.

**RFP No. 5.** Please produce all metadata or system logs reflecting the dates, times, and durations of the communications identified in RFP Nos. 3 and 4, including but not limited to: (a) login or access logs for the Shellpoint website; (b) call timestamps and durations; and (c) any confirmation of message receipt or read status.

**RFP No. 6.** Please produce any documents related to RFP Nos. 3 through 5 where Shellpoint communicated with an agent of Norton-Duffin.

**RFP No. 7.** Please produce a complete copy of all documents related to any loan agreement for the Norton-Duffin Home, including: (a) promissory notes; (b) deed of trust or mortgage; (c) any modifications, addenda, or amendments to the loan terms; and (d) all documents executed by Anastasia StaceyJean Norton and/or Gavin R. Duffin, and/or any of their agents in connection with any loan agreement.

**RFP No. 8.** Produce all notices of default, acceleration, foreclosure, or sale sent to Norton-Duffin and/or the Norton-Duffin home, including: (a) proof of mailing, delivery, or receipt; (b) certified mail receipts or tracking information; and (c) any drafts, templates, or internal records related to these notices.

**RFP No. 9.** Produce a complete payment history for the loan, including: (a) records of all payments received; (b) application of payments to principal, interest, escrow, and fees; and (c) documents evidencing any alleged missed or late payments.

**RFP No. 10.** Produce all documents related to the foreclosure, including: (a) the substitute trustee's deed or foreclosure sale deed; (b) notices of sale, auction results, or bid records; (c)

appraisals or valuations of the property; and (d) documents evidencing compliance with Texas Property Code §§ 51.002 et seq.

**RFP No. 11.** Produce all records related to escrow accounts, fees, or charges assessed on the loan, including: (a) escrow analyses; (b) insurance or tax payments made from escrow; (c) fee breakdowns (late fees, inspection fees, etc.); and (d) notices of changes to escrow or fee structures.

**RFP No. 12.** Produce all documents related to loss mitigation or foreclosure alternatives, including: (a) applications for loan modifications, forbearance, or repayment plans; (b) records of correspondence or decisions regarding loss mitigation; and (c) compliance with federal regulations, such as those under the Real Estate Settlement Procedures Act ("RESPA") or the Consumer Financial Protection Bureau ("CFPB") rules.

**RFP No. 13.** Produce copies of any policies, procedures, or guidelines applicable to: (a) handling of foreclosure cases; (b) notice and cure periods; (c) application of payments; and (d) compliance with Texas and federal foreclosure laws.

**RFP No. 14.** Produce all records evidencing the chain of title or assignment of the loan, including: (a) any endorsements, transfers, or assignments of the promissory note or deed of trust; (b) all agreements evidencing servicing rights transfers; and (c) any pooling and servicing agreements if applicable.

**RFP No. 15.** Produce all documents evidencing compliance with federal laws, including but not limited to: (a) The Truth in Lending Act ("TILA"); (b) The Real Estate Settlement Procedures Act ("RESPA"); (c) The Fair Debt Collection Practices Act ("FDCPA"); and (d) The Dodd-Frank Act and CFPB servicing regulations.

**RFP No. 16.** Produce all records of property inspections, preservation efforts, or valuations, including: (a) photographs or reports from inspections; (b) notices provided to the borrower about these activities; and (c) invoices or charges billed for such services.

**RFP No. 17.** Produce all records related to any credit reporting regarding the loan, including: (a) reports provided to credit bureaus; (b) notices of adverse credit reporting; and (c) communications with the borrower about credit impacts.